**Atunisa Finau LESINAIVALU,**
**Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney**
**General, Respondent.**

**No. 03–74269.**

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Feb. 16, 2005.

Decided April 27, 2005.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Antonio Reyna Salazar, Esq., Adolfo Ojeda-Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, WWS-District Counsel, Immigration and Naturalization Service, Seattle, WA, Michele Y.F. Sarko, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, MCKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM**

Atunisa Lesinaivalu, a citizen of Fiji and an ethnic Fijian, appeals from a Board of Immigration Appeals order affirming the denial of his application for asylum, withholding of deportation and Convention Against Torture relief. On appeal to the BIA, Lesinaivalu also claimed that his right to due process was violated because he was not provided with an adequate and competent interpreter during his removal hearing. The BIA concluded that Lesinaivalu was not eligible for relief because he failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. The BIA denied his due process claim because Lesinaivalu failed to indicate either errors in the translation or ways in which a better translation would have made a difference in the outcome of the hearing.

Lesinaivalu timely filed his petition for review, and we have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Because the BIA issued a reasoned opinion after conducting its own review of the record, we review only the BIA's opinion. *Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004). We deny the petition.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review for substantial evidence the BIA's decisions regarding Lesinaivalu's eligibility for asylum, withholding of removal, and relief under CAT. *Kaiser v. Ashcroft*, 390 F.3d 653, 657 (9th Cir.2004) (asylum eligibility); *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1255 (9th Cir.1992) (withholding of removal); *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir.2004) (relief under CAT). We review de novo Lesinaivalu's due process claim. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). Because neither the IJ nor the BIA made an express negative credibility finding, we accept Lesinaivalu's testimony as true. *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000).

## I. Asylum, Withholding of Removal, and CAT Relief

For his asylum claim, Lesinaivalu was required to establish either past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b); *Singh v. Ashcroft*, 362 F.3d 1164, 1170 (9th Cir.2004). Lesinaivalu's testimony makes clear that he did not experience past persecution, and there is insufficient evidence to compel the conclusion that his fear of future persecution is objectively reasonable. *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir.2004) ("To establish a well-founded fear of [future] persecution, an applicant must show that her fear is 'both subjectively genuine and objectively reasonable.'") (quoting *Navas v. INS*, 217 F.3d 646, 656 n. 11 (9th Cir.2000)).

In support of his past persecution claim, Lesinaivalu offered nothing but a bare assertion that he was persecuted. In his testimony, Lesinaivalu never described a personal experience of threats or other form of harm that could qualify as persecution. Indeed, Lesinaivalu testified that he fears returning to Fiji because of the coup that took place in May 2000 and the ensuing violent conflict, events that occurred *after* Lesinaivalu left Fiji in 1999. In other words, this is not a case in which we must determine whether the applicant's experience rises to the level of past persecution; this is a case in which the applicant has failed to describe a single past experience that we can evaluate.

Nor has Lesinaivalu established that there is a pattern or practice of persecution against any groups of which Lesinaivalu is a member or that he is a member of a disfavored group who faces a heightened risk of being singled out. Lesinaivalu argues that he is at risk of persecution because he was a member of the Fijian Association Party ("FAP"), because he is an ethnic-Fijian who supports racial unity, and because he is a member of the military reserves.

█ Other than Lesinaivalu's bare assertion, there is no evidence of a pattern or practice of persecution against members of the FAP. While there is some evidence indicating that governmental officials were taken hostage when the May 2000 coup took place and that the hostage group included FAP officials, the coup was defeated and an interim government was installed in July 2000. Although the democratically elected government was not reinstated, there is no evidence that the interim government has been persecuting or even disfavoring FAP members. Rather, Lesinaivalu's own testimony and the 2001 Fiji Country Report indicate that the interim government prosecuted many of those responsible for the coup.

Similarly, there is little evidence suggesting that Lesinaivalu is in danger because he supports racial unity. At his hearing, Lesinaivalu's counsel referred to *Tagaga v. INS*, 228 F.3d 1030 (9th Cir. 2000), where this court found that Tagaga, an ethnic Fijian, had a well-founded fear of future persecution on account of his belief

in racial equality. However, *Tagaga* is easily distinguished from the instant case. Tagaga was not only an active member of the Fijian Labor Party ("FLP"), a racially integrated political party, he also refused to comply with military orders to sever his ties with the Indo–Fijian community and to arrest and detain Indo–Fijians. *Id.* at 1032. In contrast, while Lesinaivalu credibly testified that he supports racial unity, there is no evidence that Lesinaivalu ever took any actions that would cause him to be persecuted for this belief. Indeed, Lesinaivalu actively campaigned for the FAP, which is composed exclusively of ethnic Fijians. Lesinaivalu suggests that the fact that he supported the FAP's decision to form a coalition with the FLP in 2000, after the FLP won the most seats and the FAP came in second, coupled with the fact that the FLP is a racially integrated party and has many Indo–Fijian leaders, puts him at risk of being persecuted for supporting racial equality. However, there is no evidence that the FAP–FLP coalition has caused anyone to impute a belief in racial equality to all FAP members, much less target all FAP members for persecution on account of that political opinion. Nor is there any evidence that Lesinaivalu supported the coalition in a manner that would put him particularly at risk. In fact, Lesinaivalu left Fiji soon after that coalition was formed and before the May 2000 coup took place.

Lesinaivalu argues that because the IJ made no adverse credibility finding, his testimony must be taken as true, and that this, in turn, means that his assertions regarding persecution of ethnic-Fijians who supported the coalition government are sufficient to establish a well-founded fear of future persecution. Although an applicant's credible testimony alone may be sufficient to establish a claim, to support a reasonable fear of persecution, evidence must be more than just credible; it must also be direct and specific. *See, e.g.,*

*Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000) (quoting *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir.1999)) (explaining that an applicant can "show a good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution"). Lesinaivalu has made nothing but a generalized assertion that ethnic-Fijians who supported the coalition government "were threatened and ... lost their jobs." He never testified to any more specific, relevant details, and he provided no documentary evidence that corroborates his general assertion.

Finally, Lesinaivalu claims that he is in danger because he is a member of the military reserves. Although there is internal political conflict in Fiji, Lesinaivalu's fears are based solely on the risk inherent in military service and the official role that the military is playing in the context of Fiji's political conflict. Even if the danger Lesinaivalu faces as a military reservist can be deemed persecution, "[p]ersecution occurring because a person is a current member of a police force or the military ... is not *on account of* one of the grounds enumerated in the Act. (Race, religion, nationality, membership in a particular social group, or political opinion)." *Cruz–Navarro v. INS,* 232 F.3d 1024, 1029 (9th Cir.2000) (quotation marks and citation omitted). In sum, Lesinaivalu has failed to establish that his fear of future persecution is on account of a protected ground and objectively reasonable and is therefore ineligible for asylum.

Lesinaivalu's withholding of removal claim must also be denied; a failure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Nor has Lesinaivalu

established that he is more likely than not to be tortured if removed to Fiji, as is required for eligibility for relief under CAT. *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001). Lesinaivalu has not provided any evidence of the practice of torture in Fiji, much less evidence suggesting that he has any particular reason to fear being tortured.

## II. Due Process

Lesinaivalu claims that his right to due process was violated because he was not provided with a qualified and competent interpreter during his removal proceedings. He also claims that he answered "yes" when asked if his statements were properly translated during the removal proceedings only because he misunderstood the question; he thought he was being asked if he wanted a new interpreter.

Lesinaivalu has failed to make the showing required for this due process claim: he failed to indicate how the interpreter erred or how a better translation would have made a difference in the outcome. "In order to make out a due process violation [based on inadequate translation] the alien must show that a better translation would have made a difference in the outcome of the hearing." *Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994) (quotation marks and citation omitted). Lesinaivalu claims that his words were not translated correctly, but he has failed to specify which, if any, words would have been translated differently, given a more competent interpreter. He does not point to any part of the transcript as evidence of a translation problem. On its face, the record indicates that Lesinaivalu was afforded a fair opportunity to relate his experiences and version of events in Fiji. Accordingly, there is no basis for finding that faulty translation influenced the outcome of the proceedings. *Hartooni v.*

*INS,* 21 F.3d 336, 340 (9th Cir.1994) (finding that where "there is no evidence ... of any specific *instance* where the interpreter is alleged to have erred, [it] cannot [be said] that the interpretation influenced the outcome of the hearing").

Lesinaivalu argues that he could not meet the burden of proof required to establish this claim because "the tape [of the proceedings] is controlled by the immigration court." This is not a legitimate excuse. He could have indicated on the written transcript where and how the interpretation was inaccurate. In addition, tape recordings of proceedings are generally available for review at the Immigration Court at which the proceedings before the Immigration Judge were conducted. Exec. Office of Immig. Rev. BIA Prac. Man., Ch. 5.

In sum, substantial evidence supports the BIA's denial of Lesinaivalu's asylum, withholding of removal, and CAT claims, and Lesinaivalu failed to provide sufficient evidence to establish his due process claim.

**PETITION DENIED.**